# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                                    **CRIMINAL NO. 3:07-CR-087-HTW-01**

**CORETHA BROWN**

## ORDER

This matter is before the Court on Defendant Coretha Brown's request by letter for a modification of the conditions of her supervised release. She seeks permission from this court to get married. Her intended spouse is a male person who also is a convicted felon and who, too, is on supervised release. The defendant must have this court's approval to enter this proposed matrimonial contract because standard condition number 9[1] of this defendant's court-ordered supervision prohibits her from associating with any person convicted of a felony, unless permission is otherwise granted.[2]

Standard condition number 9 has a predictable, sainted purpose: to prevent unsavory associations which might poison the efforts of a supervisee to become and stay law abiding. Because of this realization, this court consistently has encouraged supervisees to sever criminal ties and move away from crime-infested neighborhoods. Supervisees often balk at the court's

---

[1] This condition states as follows: "the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."

[2] Such conditions have been consistently upheld by the courts. See e.g., *U.S. v. Lovelace,* 257 Fed.Appx. 773 2007 WL 2354443 (5th Cir. Dec. 11, 2007); *Speth v. State*, 6 S.W.3d 530, 533–34 (Tex. Crim. App. 1999) (A judge may impose any reasonable condition of community supervision that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant."); *U.S. v. Balderas,* 368 Fed.Appx. 575 (5th Cir. 2009) (it was within discretion of district court to impose reasonable limitations on defendant's living arrangements to ensure that she avoid recidivism, and the condition prohibiting defendant from associating with convicted felons was a standard condition of supervised release). *United States v. Bortels,* 962 F.2d 558, 560 (6th Cir. 1992) (where a condition of supervision is reasonably related to the dual goals of supervision, rehabilitation of the defendant and the protection of the public, it must be upheld) (as quoted in U.S. v. Balderas at fn. 17).

concerns, confident that they possess the will-power and determination to resist any re-emergent criminal temptations.  Even a cursory glance at our recidivist rate shows otherwise. The court, mindful of the corrosive effect of peer-power, has responded with standard condition number 9, a condition which should be enforced, unless an appropriate exception demonstrates its worth.  In this court's eye, the circumstances here merit such an exception.

Coretha Brown is currently on federal supervision, having been convicted of conspiracy to possess with intent to distribute cocaine base.  She was sentenced on February 15, 2008 to one hundred twenty (120) months imprisonment and five (5) years of supervised release.  Brown has a prior history of drug addiction and misdemeanor arrests and convictions for offenses, including drug offenses.

Brown was released from custody on October 7, 2016.  She has been under the supervision of Officer Jamie Newman since that time.  She admittedly has been involved in the relationship with John D. Anderson since shortly after her release from confinement.  Early in her supervision, she sought permission to move in with him. That permission was denied by her probation officer.  A few months later she submitted her instant request to this court for permission to get married to Anderson.

John D. Anderson was convicted on April 29, 2013, of conspiracy to possess with intent to distribute more than 5 grams of methamphetamine.  He was sentenced to sixty-six (66) months imprisonment and four (4) years supervised release.  Anderson was released from custody on October 17, 2016 and is assigned to Probation Officer Jay Simpson.

Anderson has prior convictions for aggravated assault, felonious assault, domestic violence, aggravated domestic violence and assault with a deadly weapon, among others.  He also has a history of probation and parole violations, as well as prior excessive alcohol use. The defendant at one time claimed to have ten children.  He is court ordered to pay child support for

CGC 11/7/2017

several of his children both here in Mississippi and in the State of Michigan. He is employed and has passed all drug tests up to the time of the most recent hearing. District Judge Carlton W. Reeves, who is the judge with jurisdiction over Andersons' case, has indicated that he would defer to this court's ruling on the matter of the parties' request to marry.

This court conducted a hearing into this request in April of 2017. The matter had been set for a previous date, but was continued by this court because the intended fiancé, John D. Anderson,[3] was not present and this court wanted to hear from him. At that hearing, Coretha Brown was present, as well as John D. Anderson and Probation Officer Jamie Newman. The Court heard from both supervisees and from the supervising probation officer for Coretha Brown. The Court also reviewed the records and status reports for each supervisee.

The supervisees had been so recently released at that time that the court did not think that marriage to each other was in their best interest. The court feared that the relationship might endanger their sobriety. Rather than deny the request at that time, however, this court deferred its ruling.

Another hearing was conducted in this matter on November 27, 2017. Brown and Anderson had not tested positive on any drug screens and were still in compliance with the conditions of release. Anderson continued to work for Independent Roofing, but Brown remained unemployed. Brown's unemployment was a concern to the court. The court directed the couple to submit a proposed budget to the court depicting their income, anticipated expenses and complete financial picture. They complied with that request.

This court conducted a final proceeding on March 12, 2019. In addition to Brown and Anderson, several family members and friends were present and expressed enthusiastic support

---

[3] John Darrell Anderson's most recent conviction is in case no. 3:12cr115 CWR-FKB-002, United States District Court, Southern District of Mississippi.

for the couple's plans to wed.  Anderson remains employed with Independent Roofing, the same company for which he has been working since his release from incarceration, approximately two years ago.  Brown, who was unemployed at the initial hearing and claims to have some health issues, is now working on a part-time basis.  Both parties appear to be in compliance with their conditions of release. Both expressed their commitment to continue to live soberly and responsibly.

This couple appears to have remained law-abiding, sober and industrious for this two-year period during which the court has had this matter under advisement.  Additionally, the couple's relationship has not faltered, but has seemingly grown stronger over this period.  The families of the two have become quite close and cooperative.  Brown's children have accepted Anderson as their "father."

This court will still monitor the couple's progress, but at present, this couple appears to be a strong unit, committed to marital, financial and juridical stability.  Accordingly, for all the reasons stated above, this court is of the opinion that the request to marry should be, and hereby is granted.

This couple is to notify this court when and where this marriage will take place and whether the couple will seek a new home.  Finally, the couple will submit photographs of the happy occasion, an order enthusiastically endorsed by the anxious couple.

SO ORDERED AND ADJUDGED, this the 16th day of April, 2019.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE